IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE 2001 HYUNDAI ELANTRA<br>VIN: KMHDN45D01U093145 and ONE<br>LOT OF TWENTY SEVEN THOUSAND<br>EIGHT HUNDRED DOLLARS<br>($27,800.00) IN U.S. CURRENCY<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. NO. 05-115T |

MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

Now comes the plaintiff, the Untied States of America, by and through its attorneys, pursuant to 18 U.S.C. § 981(g)(1) as incorporated by 21 U.S.C. § 881(i), and moves for a six-month stay of the within civil forfeiture proceeding for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January 2006, I caused a copy of the foregoing **Motion to Stay Civil Forfeiture Proceedings** and supporting memorandum of law to be forwarded, by regular mail, to:

Paul C. Borges, Esq.
300 Centerville Road
Summit West – Suite 300
Warwick, RI 02886

Linda A. Mazmanian

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C. A. NO. 05-115T |
| ONE 2001 HYUNDAI ELANTRA VIN: KMHDN45D01U093145 and ONE LOT OF TWENTY SEVEN THOUSAND EIGHT HUNDRED DOLLARS ($27,800.00) IN U.S. CURRENCY Defendants | ) | |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

This is an *in rem* action brought pursuant to 21 U.S.C. § 881(a)(4) which provides for the forfeiture to the United States of America, of any vehicle used to facilitate the possession, transportation, sale, receipt, and concealment of controlled substances; and pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of America, of all monies furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate a controlled substance violation.

STATEMENT OF FACTS

On September 17, 2004, DEA Special Agent Felix Gonzalez and another individual met the claimant, Merary Hurtado-

Rodriguez, at the Warwick Mall food court parking lot in Warwick, Rhode Island. Hurtado-Rodriguez was given $30,000 in official Government funds contained in a large white unsealed FEDEX envelope. The $30,000 was a down payment on the purchase of five kilograms of cocaine. Hurtado-Rodriquez examined the money and then folded the envelope.

The DEA received information from a confidential informant ("CS"), who provided information for ongoing narcotics investigations in Houston, Texas and Rhode Island, that Hurtado-Rodriguez would be transporting a large sum of United States currency to Guatemala. On October 19, 2004 at approximately 5:30 p.m., Special Agent David Toracinta observed the defendant vehicle, a silver Hyundai bearing Rhode Island temporary registration 034050-0, dealer identification number 576, towing a gold GEO Prism on interstate Route 95 South. The silver Hyundai, operated by Hurtado-Rodriguez, was stopped and Hurtado-Rodriguez and the vehicle were transported to the DEA, Providence Resident Office to continue the investigation. At DEA, the vehicle was subjected to a canine sniff by "Houch", a narcotics canine, certified by the North American Police work Dog Association. "Houch" alerted in a positive manner for the odor of controlled substances on the seam of the passenger side door of the silver Hyundai.

A search of the interior of the silver Hyundai resulted in the seizure of the defendant currency, twenty seven thousand eight hundred dollars ($27,800) from inside a duffle bag. (Actually $28,000 was found. However, $200 of the $28,000 was a portion of the undercover funds that had been provided to Hurtado-Rodriguez on September 17, 2004.)

Travel

The within action was commenced with the filing of a Complaint for Forfeiture *In Rem* on March 4, 2005. On March 30, 2005, Hurtado-Rodriguez filed a claim and an Answer to the Complaint. On September 27, 2005, the plaintiff served its answers to the claimant's interrogatories. The claimant has now served a Request for Production of Documents on the plaintiff (December 9, 2005). Discovery closed on January 15, 2006. Pre-trial memoranda are due to filed on or before March 16, 2006.

Legal Analysis

Title 18 U.S.C. § 981(g)(1), as incorporated by 21 U.S.C. § 881(i), provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Title 18 U.S.C. § 981(g)(4), as incorporated by 21 U.S.C. § 881(i), further provides:

> ... In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

Hurtado-Rodriguez is a target of a related federal narcotics investigation in Houston, Texas involving the importation of narcotics from Guatemala. The provision of $30,000 in Official Government funds to Hurtado-Rodriguez on September 17, 2004, as a down payment on the purchase of five kilograms of cocaine, was a part of this criminal investigation. Therefore, the same parties, witnesses and facts are involved in both the criminal investigation and the within civil forfeiture action. See United States v. Funds Held in the Names or for the Benefit of Weterer, 138 F.R.D. 356 (E.D.N.Y. 1991).

Arrest warrants issued in the United States in March 2005 have resulted in the detention of individuals in Guatemala pending their extradition to the United States. Extradition proceedings were commenced against these individuals in July 2005. Criminal proceedings in the United States have been delayed pending the extradition.

In his Request for Production of Documents, Hurtado-Rodriguez seeks, among other items, the statements of all parties and witnesses and all surveillance videos of the claimant. The provision of these items will seriously impede the related criminal investigation. It will subject the government's criminal investigation to early and broader criminal discovery than would otherwise be possible at this stage of the criminal investigation. See United States v. One Assortment of Seventy-Three Firearms, 352 F.Supp.2d 2, (D.Me 2005). Also, the provision of these items will result in the premature revelation of the identity of the confidential source mentioned above, possibly causing him/her to be placed in physical danger.

## CONCLUSION

For the forgoing reasons, the plaintiff requests a six-month stay of the within civil forfeiture proceedings to allow time for the extradition of individuals from Guatemala to the United States and the commencement of formal criminal proceedings.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2006, I caused a copy of the foregoing **Motion to Stay Civil Forfeiture Proceedings**, and supporting memorandum of law to be forwarded, by regular mail, to:

Paul C. Borges, Esq.
300 Centerville Road
Summit West - Suite 300
Warwick, RI 02886