RECEIVED
JAN 30 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA,**
**Plaintiff**

**Vs.**

**C.A. No.: 05-115T**

**ONE 2001 HYUNDAI ELANTRA**
**VIN: KMHDN45D01U093145 AND ONE LOT**
**OF TWENTY SEVEN THOUSAND EIGHT**
**HUNDRED DOLLARS ($27,800.00)**
**IN U.S. CURRENCY**

# DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

Now comes the Defendant in the above entitled matter and hereby objects to the Plaintiff's Motion to Stay Civil Forfeiture Proceedings.

January 27 2006

Defendant,
By and Through His Attorney,

Raul C. Borges, Esquire #0217
300 Centerville Road
Summit West ~ Suite 300
Warwick, Rhode Island 02886
401.732.5888

## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of the within to Michael P. Iannotti, Esquire, Assistant US Attorney, US Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, via first class, regular U.S. Mail, on the 27 day of Jan, 2006.

RECEIVED

JAN 30 2006

Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA,**
**Plaintiff**

**Vs.** **C.A. No.: 05-115T**

**ONE 2001 HYUNDAI ELANTRA**
**VIN: KMHDN45D01U093145 AND ONE LOT**
**OF TWENTY SEVEN THOUSAND EIGHT**
**HUNDRED DOLLARS ($27,800.00)**
**IN U.S. CURRENCY**

# DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS

## STATEMENT OF FACTS

On October 19, 2004, The Plaintiff seized from Merary Hurtado-Rodriguez the sum of $27,800.00. Of the $27,800.00 which was seized from the Claimant, only two (2) of the one-hundred dollar bills matched the serial numbers of any sum allegedly given to him.

On December 2, 2004, the Claimant filed a Petition to contest the forfeiture. The Claimant, in December of 2005, filed a Request for Production of Documents in full. These documents included video, and written documents. The videos that had been previously produced for the Claimant were not produced in their entirety, however, no identities of the parties in the videos were concealed. It was apparent from the production previously produced that the transcripts did not coincide with videos. Therefore, the Claimant filed a Request for Production and now has had to file a Motion to Compel Production copies of the Request for Production are attached to Defendant/s Request for a Motion to Compel production. The Claimant has also never been notified

until the filing of this Motion by the Plaintiff that he was the target of any ongoing investigation.

## LEGAL ANALYSIS

The Plaintiff cites Title 18 U.S.C §981(g)(4), and Title U.S.C. §981(g)(a), both incorporated by 21 U.S.C. 881(i) in support of their Motion. However, in support of its Motion, however, the Plaintiff states that all the parties are already in custody in Guatemala, and that they are in the process of being extradited to the United States. It would appear from their own argument that their investigation has been substantially completed and the fact that they have already show the Claimant the faces of the undercover officers involved in a video, also undermines their argument. The authorities cited by the Plaintiff do not apply in this situation.

This is a matter which began with the seizure of the Claimant's property in October of 2004, approximately one and a half years ago, no charges or arrests of the Claimant have ever been made. The Plaintiff also cites United States vs. One Assortment of Seventy-Three Firearms, 352 F. Supp. 2D 2 (District Court, Maine 2005). This also does not apply, since the government's own argument states that the individuals in question have been arrested and detained in Guatemala, and, they have also provided the identities of the agents involved in this particular action already.

## CONCLUSION

For the foregoing reasons, the Claimant requests that the Plaintiff's Motion be denied and that this case go forward as already ordered by the Court, as this matter is already one and a half years old.

January 27 2006

Defendant,
By and Through His Attorney,

Paul C. Borges, Esquire #0217
300 Centerville Road
Summit West ~ Suite 300
Warwick, Rhode Island 02886
401.732.5888

## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of the within to Michael P. Iannotti, Esquire, Assistant US Attorney, US Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, via first class, regular U.S. Mail, on the 27 day of Jan, 2006.