RECEIVED
JAN 30 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff

Vs.

C.A. No.: 05-115T

ONE 2001 HYUNDAI ELANTRA
VIN: KMHDN45D01U093145 AND ONE LOT
OF TWENTY SEVEN THOUSAND EIGHT
HUNDRED DOLLARS ($27,800.00)
IN U.S. CURRENCY

# DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**The following Court rules govern Motion to Compel the Production of Documents for Inspection and copying and authorize the relief sought in Defendant's accompanying Motion:**

"The party submitting the request may move for an Order under Rule 37(a) with respect to any objection to or other failure to respond to the Request or any part thereof, or any failure to permit inspection as requested."

The criteria for determining the permissible scope of discovery is whether the information sought is or may lead to relevant evidence, not whether the information is or may be admissible at trial.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of the party

seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

A party is entitled to production of documents which are relevant to the pending action of which may lead to relevant evidence. The party seeking production of documents need not establish good cause. A Motion to Compel Production of Documents rests within the discretion of the Trial Court and which will not be reversed absent an abuse of discretion.

Plaintiff's refusal to permit the inspection and copying of documents in response to Defendant's Request made pursuant to FRCP 34 remains without substantial justification thereby mandating entry of an Order assessing costs and reasonable attorney fees.

"If the Motion is granted or if the disclosure or requested discovery is provided after the Motion was filed, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the Motion or the party or attorney advising such conduct, or both of them, to pay to the moving party the reasonable expenses incurred in making the Motion, including attorney's fees, unless the Court finds that the Motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without Court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust."

Application of the above authority to the grounds set forth in Defendant's accompanying Motion warrants entry of this Court's Order compelling the requested production of documents and ordering Plaintiff and Plaintiff's attorney to pay Defendant's costs and reasonable attorney's fees necessitated by this Motion.

January 22 2006

Defendant,
By and Through His Attorney,

Paul C. Borges, Esquire #0217
300 Centerville Road
Summit West ~ Suite 300
Warwick, Rhode Island 02886
401.732.5888

## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of the within to Michael P. Iannotti, Esquire, Assistant US Attorney, US Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, via first class, regular U.S. Mail, on the 22 day of Jan, 2006.