EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JAN 30 2006
Property of U.S. District Court
District of Rhode Island

UNITED STATES OF AMERICA,
Plaintiff

Vs.

C.A. No.: 05-115T

ONE 2001 HYUNDAI ELANTRA
VIN: KMHDN45D01U093145 AND ONE LOT
OF TWENTY SEVEN THOUSAND EIGHT
HUNDRED DOLLARS ($27,800.00)
IN U.S. CURRENCY

# DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant, by counsel, and pursuant to FRCP 34 and 37, moves the Court to enter its Order compelling Plaintiff to produce for inspection and copying the documents described in the attached Request, and assessing costs and attorneys fees against Plaintiff and Plaintiff's attorney, based upon the following grounds:

1. On December 8, 2005, the Defendant served Plaintiff with Defendant's Request for Production of Documents, a copy of which is attached herewith, together with the proof of service with respect to said Request, seeking production of the documents described in the Request.

2. Although more than thirty (30) days have passed, notwithstanding Defendant's follow up letter requesting a response, a copy of which is also attached herewith.

3. Plaintiff refuses to comply with Defendant's Requests.

2/24/06. GRANTED ABSENT OPPOSITION. LR CV 7(b)(1). Plaintiff shall respond within twenty (20) days. LR CV 37(b). Movant's request for fees is, however, DENIED. USMJ

Date: 2/23/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAR 17 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA,**
**Plaintiff**

**Vs.** **C.A. No.: 05-115T**

**ONE 2001 HYUNDAI ELANTRA**
**VIN: KMHDN45D01U093145 AND ONE LOT**
**OF TWENTY SEVEN THOUSAND EIGHT**
**HUNDRED DOLLARS ($87,800.00)**
**IN U.S. CURRENCY**

# DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS ON PLAINTIFF'S FAILURE TO PROVIDE ORDERED DISCOVERY

If a party fails to obey an Order compelling discovery, the Court, on Motion, may Order such sanctions as are just. **FRCP 37(b).** Sanctions available under this rule should include the following:

"a. An Order that the matters regarding which the Order was made or any other designated facts may be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the Order;

b. An Order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence;

c. An Order striking our pleadings or parts thereof, staying further proceedings until the Order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

d. In lieu of any of the foregoing Orders or in addition thereto, an Order treating as a contempt of the Court the failure to obey any Orders, except an Order to submit to a physical or mental examination;

e. Where a party has failed to comply with an Order under FRCP 35(a) requiring that party to produce another for examination, such Orders as are listed in sub rules (a), (b) and (c) of this subdivision, unless the party failing to comply shows that he or she is unable to produce such person for examination."

**FRCP 37(b)(2)**

The Court may property dismiss a case for noncompliance with an Order compelling discovery so long as the noncompliance is determined to be willful. To be willful, the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary.

In addition, if the failure to obey an Order compelling discovery is established to be without substantial justification, the Court shall required the offending party and/or the attorney advising such conduct to pay costs and attorneys fees caused by the noncompliance, **FRCP 37(b)(2).**

Application of the above authority to the grounds set forth in Defendant's accompanying Motion warrants entry of the Court's Order imposing sanctions against Plaintiff including dismissal of Plaintiff's action and assessment of costs and attorneys fees against Plaintiff and Plaintiff's Attorney.

Defendant,
By and Through His Attorney,

Paul C. Borges, Esquire #0217
300 Centerville Road
Summit West ~ Suite 300
Warwick, Rhode Island 02886
401.732.5888

## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of the within to Michael P. Iannotti, Esquire, Assistant US Attorney, US Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, via first class, regular U.S. Mail, on the 16th day of March, 2006.